**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CRYPTOPEAK SOLUTIONS, LLC,** | |
| Plaintiff, | Case No. 2:15-cv-1789 |
| v. | **PATENT CASE** |
| **BEST WESTERN INTERNATIONAL, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff CryptoPeak Solutions, LLC, files this Complaint against Best Western International, Inc., for infringement of certain claims of United States Patent No. 6,202,150 (the "'150 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff CryptoPeak Solutions, LLC ("Plaintiff" or "CryptoPeak"), is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 211 E. Tyler St., Suite 600-A, Longview, Texas 75601.

4. Upon information and belief, Defendant Best Western International, Inc. ("Defendant"), is an Arizona corporation with a principal office located at 6201 N. 24th Parkway, Phoenix, Arizona 85016. This Court has personal jurisdiction over Defendant because

Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, has directed an interactive website at Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5. On information and belief, within the State of Texas and the Eastern District of Texas, Defendant has used the patented invention with the website(s) and functionality identified herein below. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts within the State of Texas and the Eastern District of Texas.

**VENUE**

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this district.

**COUNT I**
**(INFRINGEMENT OF CERTAIN CLAIMS OF U.S. PATENT NO. 6,202,150)**

**General Allegations**

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '150 Patent with sole rights to enforce the '150 Patent and sue infringers.

10. A copy of the '150 Patent, titled "Auto-Escrowable and Auto-Certifiable Cryptosystems," is attached hereto as Exhibit A.

11. The '150 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

**Factual Background Related to the Inventors and the '150 Patent**

12.     The application that resulted in the '150 Patent was filed on May 28, 1997. The inventors are Dr. Adam L. Young and Dr. M. M. ("Moti") Yung. Both Dr. Yung and Dr. Young are noted and accomplished experts in the field of the invention of the '150 Patent, which is cryptology. In short, cryptology is the science and practice of designing computation and communication systems which are secure in the presence of adversaries. (*See* the website of the International Association for Cryptologic Research, https://www.iacr.org/.)

13.     Dr. Moti Yung obtained his Ph.D. in Computer Science in 1988 at Columbia University. His professional career includes research and technical work for IBM, RSA Security (now a division of EMC), and Google. He has been an adjunct professor for many years at Columbia University, serving on Ph.D. committees and advising more than 60 Ph.D. students. He is an author or co-author of more than 300 refereed abstracts and journal papers, including several in collaboration with Dr. Young. He is an inventor on dozens of issued U.S. patents. He is a Fellow of the ACM (Association for Computing Machinery), the IACR (International Association for Cryptologic Research), and the IEEE (Institute of Electrical and Electronics Engineers).

14.     Dr. Adam Young obtained his Ph.D. in Computer Science in 2002 at Columbia University. His professional career includes research and technical work for Lucent, Lockheed Martin, MITRE Corporation, and Bloomberg. He has been a guest lecturer at NYU and Rensselaer Polytechnic Institute. He is an author or co-author of more than three dozen papers and journal articles, including several with Dr. Yung. He is an inventor on at least 8 issued U.S. patents.

15. Dr. Yung and Dr. Young also co-authored a book published in 2004, entitled "Malicious Cryptography: Exposing Cryptovirology."

16. The '150 Patent is a prominent patent in its field.  It has been forward-cited as prior art in connection with the examination of at least 20 subsequently-issued U.S. patents, including patents originally assigned to such prominent technology companies as Microsoft, HP, General Instrument, Ricoh and Sungard.

17. Moreover, the invention of the '150 Patent was sufficiently prominent that an article, entitled "Auto-Recoverable Auto-Certifiable Cryptosystems," which is related to the subject matter of the '150 Patent, was published and presented by Drs. Yung and Young in connection with the prestigious EUROCRYPT '98 conference in Espoo, Finland.  EUROCRYPT is an annual conference that has been held since 1982, and it is one of the IACR's three flagship conferences, along with CRYPTO and ASIACRYPT.

**Allegations of Direct Infringement**

18. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '150 Patent, including at least Claim 1.

19. In addition to Claim 1, Plaintiff may assert the following claims of the '150 Patent in this case:  Claims 2 through 4, and Claim 17.  Claims 1, 2, 3, 4 and 17 are referred to collectively as the Potentially Asserted Claims.  Notwithstanding that they generically recite the existence of "apparatus" in their preambles, each of the Potentially Asserted Claims is a method claim comprising certain steps that must be performed in order for infringement to occur.  This Amended Complaint alleges direct infringement of one or more of these method claims by Defendant, as described in more detail below.

20. Plaintiff does not assert any of the following claims of the '150 Patent in this case: Claims 5 through 16, and Claims 18 through 59 (collectively, the "Unasserted Claims"). Plaintiff will not assert the Unasserted Claims in this case in the future.

21. Defendant has committed direct infringement by its actions that comprise using one or more websites that utilize Elliptic Curve Cryptography ("ECC") Cipher Suites for the Transport Layer Security ("TLS") protocol (the "Accused Instrumentalities"). A representative example of a website of Defendant that utilizes ECC Cipher Suites for TLS is bestwestern.com.

## Irreparable Harm

22. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 6,202,150 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

  c)  Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

  d)  Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorney's fees and any other appropriate relief;

  e)  Award Plaintiff pre-judgment and post-judgment interest and costs; and

  f)  Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: November 20, 2015    Respectfully submitted,

    */s/ Craig Tadlock*
    Craig Tadlock
    State Bar No. 00791766
    John J. Harvey, Jr.
    State Bar No. 09179770
    Keith Smiley
    State Bar No. 24067869
    **TADLOCK LAW FIRM PLLC**
    2701 Dallas Parkway, Suite 360
    Plano, Texas 75093
    903-730-6789
    craig@tadlocklawfirm.com
    john@tadlocklawfirm.com
    keith@tadlocklawfirm.com

    *Attorneys for Plaintiff CryptoPeak Solutions, LLC*